NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RASHAWN GARVIN<br><br>    Plaintiff,<br><br>v.<br><br>A.B., by his guardian ad litem,<br>SHARONDA B. BEYAH,<br>METROPOLITAN LIFE INSURANCE<br>CO., and BURGER KING CORP.<br><br>    Defendants. | Civ. No. 04-805 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

The Complaint was filed in this case on January 6, 2006 in New Jersey Superior Court, Essex County. The case was removed to District Court in February 2004, because the life insurance policies in dispute are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). ERISA grants district courts exclusive jurisdiction over actions claiming entitlement to ERISA-regulated plan benefits. 29 U.S.C. §1132(e)(1). In April 2004, Defendant Metropolitan Life Insurance Company ("MetLife") deposited a sum of money with the Court which constituted the life insurance proceeds at issue.

This motion for summary judgment was filed on behalf of the minor A.B., by his guardian ad litem, Sharonda B. Beyah ("Defendant A.B.") on April 19, 2004. On April 28, 2004, United States District Judge Harold A. Ackerman, in a consent order granting interpleader relief, directed Rashawn Garvin ("Plaintiff") and Defendant A.B. to "adjust, settle and/or litigate among each other

their respective and lawful entitlement to the benefits." Further, the order dismissed defendants MetLife and Decedent's former employer, Burger King Corporation ("Burger King"). Plaintiff rejected the arbitrator's award and requested a trial de novo pursuant to Local Civil Rule 201.1(h). On August 17, 2005, Judge Falk issued an order requesting that each party submit a confidential letter summarizing the relevant facts, legal positions and status of the case by September 15, 2005. In response, Plaintiff filed a letter with the Court on September 14, 2005. Defendant A.B. did not submit a response.

The Court has reviewed and fully considered the parties' submissions and has decided the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion for summary judgment is granted.

## I. BACKGROUND

This case involves a dispute over the beneficiary of two life insurance policies. Antwon Garvin ("Decedent") purchased these life insurance policies from MetLife through the group life insurance program offered by his employer, Burger King. Decedent enrolled in a basic life insurance policy, which named Defendant A.B. as the primary beneficiary and Plaintiff, Decedent's brother, as the secondary beneficiary. Goldstein Aff., Ex. E. Decedent also enrolled in an optional life insurance policy which named Defendant A.B. as the sole beneficiary without naming a secondary beneficiary. Id., Ex. F. On both policies, the Decedent described Defendant A.B. as his son. Id., Ex. E, F. Defendant A.B. was born in 1992 and is the biological son of guardian ad litem Sharonda B. Beyah ("Beyah"), the Decedent's former girlfriend. In 2003, Decedent initiated a paternity suit in the Superior Court of New Jersey, Chancery Division, Family Part. A genetic test was ordered by the Court and determined that Decedent was not Defendant A.B.'s biological father. Id., Ex. A

2

at 1. Beyah, however, contends that she informed Decedent that he was not Defendant A.B.'s biological father a few months after the child's birth. Beyah Aff., ¶ 5. According to Beyah, Decedent visited Defendant A.B. throughout his life and treated him as his son despite the results of the paternity test in 2003. Id., ¶ 6. On July 16, 2003, Decedent died of smoke inhalation resulting from a fire in his home. At the time of his death, Decedent's two life insurance policies totaled $62,000.

Both MetLife and Burger King contacted Defendant A.B. with instructions regarding how to claim the proceeds since he was the designated beneficiary of both life insurance policies. Plaintiff, however, claims that he was advised by Juanita White, the manager of the Burger King restaurant where Decedent was employed, that Decedent had asked her to amend the primary beneficiary on both policies to name Plaintiff rather than Defendant A.B. after Decedent discovered Defendant A.B. was not his biological son. Pl.'s Aff., ¶ 4. Plaintiff claims that Ms. White "told me that she advised [Decedent] that the amendments could not be made until the policies came up for renewal in October 2003." Id. Since Decedent passed away prior to October 2003, the changes were never made. The parties have not provided any deposition testimony or an affidavit from Ms. White regarding these assertions. There is no other evidence on the record beyond Plaintiff's sworn statements to support these facts regarding an alleged conversation between Decedent and Ms. White or Plaintiff and Ms. White.

## II. DISCUSSION

### A. Standard for Summary Judgment

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Life Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prods. Co., 789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)(noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Hancock Indus. v. Schaeffer, 811 F.2d 225, 231 (3d Cir. 1987).

 Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  The rule does not increase or decrease a party's ultimate burden of proof on a claim.  Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case."  Anderson, 477 U.S. at 255.

 Under the Rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the nonmoving party has provided evidence

to show that a question of material fact remains.  See Celotex, 477 U.S. at 324.  Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id. at 322 n.3, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita, 475 U.S. at 586 (citations omitted); see also Anderson, 477 U.S. at 247-48 (stating that "[b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.").

What the nonmoving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324; see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)(stating that "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993)(stating that "[t]o raise a genuine issue of material fact, . . . the opponent need not match, item for item, each piece of evidence proffered by the movant," but must "exceed[] the 'mere scintilla' threshold and . . . offer[] a genuine issue of material fact.").

The Local Civil Rules supplement the Federal Rules of Civil Procedure and provide that "each side shall furnish a statement which sets forth material facts as to which there exists or does not exist a genuine issue."  L. Civ. R. 56.1.  "Where possible, a single joint Rule 56.1 statement is favored."  Allyn Z. Lite, New Jersey Federal Practice Rules 192 (2006 ed.)(citations omitted).

5

"Where a joint statement is not prepared, then, under the rule, 'facts submitted in the statement of material facts which remain uncontested by the opposing party are deemed admitted.'" Id. at 193 (citations omitted). However, "the parties' statements pursuant to Local Rule 56.1 "cannot bind the Court if other evidence establishes that the stipulated facts are in error." Id. (citation omitted).

### B. Plaintiff's Substantial Compliance Claim

Plaintiff claims that he is entitled to the life insurance proceeds of the policies at issue because Decedent substantially complied with the requirements of the insurance policies to change the beneficiary and made every reasonable effort to effectuate such a change. The insurance plan at issue is governed by ERISA, which preempts "any and all State laws insofar as they may not or thereafter relate to any employee benefit plan" subject to ERISA. 20 U.S.C. § 1144(a). There is a split among the Circuits regarding whether ERISA preempts state law on the issue of substantial compliance.[1] The parties in this case only addressed state law, assuming that ERISA did not preempt New Jersey law on substantial compliance. The Court of Appeals and the District Court also presumed that ERISA did not preempt New Jersey state law without specifically holding as such in Metropolitan Life Ins. Co. v. Kubichek, 83 Fed. Appx. 425 (3d Cir. 2003). In this unpublished opinion, the Third Circuit did not explicitly address whether ERISA preempts state law regarding substantial compliance. However, the Third Circuit proceeded to analyze the claim pursuant to state law, affirming an appeal from the District of New Jersey in which the District also applied New Jersey law to the dispute involving an insurance policy governed by ERISA. This Court also presumes, as did the parties in the case at bar, that state law applies to the issue of substantial

---

[1] The Ninth and Tenth Circuits have determined that ERISA does not preempt state law regarding substantial compliance. The Fourth and Seventh Circuits have determined that ERISA does preempt state law on this issue and have applied federal common law to address such disputes.

6

compliance.

In Kubichek, the Third Circuit considered a set of facts similar to the case at bar. The decedent enrolled in both basic and optional life insurance policies carried by Metropolitan Life Insurance Company as part of its group life insurance plan for the decedent's employer, General Motors. At the time of enrollment, the decedent named his mother as the beneficiary. Decedent was thereafter married and changed the beneficiary of his basic policy to his wife. The form he completed did not include the optional policy and so that policy was not changed. Decedent was subsequently laid off from General Motors, and upon reinstatement, was required to resubmit certain documentation including his birth certificate to reinstate his life insurance benefits. The decedent's wife submitted into evidence a letter she claimed she found among household files, which was signed by decedent and purportedly sent to the life insurance administrative offices along with the requested birth certificate. This letter requested that both of decedent's insurance policies list his wife as the beneficiary and that decedent had made this request in the past to no avail. According to the insurance carrier, General Motors was unable to locate its copy of the letter.

Decedent passed away and his mother and wife submitted competing claims for the proceeds of the optional life insurance policy. The Court in Kubichek granted summary judgment in favor of the decedent's mother and awarded her the policy proceeds. Kubichek, 83 Fed. Appx. at 428. Decedent's wife appealed, arguing that the decedent substantially complied with the insurance company's policy when designating her as the beneficiary of the optional policy. While the Third Circuit recognized that this case was governed by ERISA, it applied New Jersey state law regarding substantial compliance without articulating an analysis as to why ERISA did not preempt this particular state law. Id. at 429-30. According to the Court, the decedent's wife did not demonstrate

7

that her husband substantially complied with the insurance company's change of beneficiary policy. Id. at 429. The plan required changes to beneficiaries be made on a particular form and although the decedent may have put forth his intentions in the letter, the Court found that there was no evidence that the decedent substantially complied with the beneficiary policy. According to the Court, even if the letter was authentic, it falls short "of showing that the decedent did complete and submit the proper forms, or even that he tried to, and substantially did, do so." Id. at 429.

New Jersey has adopted a substantial compliance doctrine to govern disputes involving the effectiveness of an alleged change of a life insurance policy beneficiary. See, e.g. DeCeglia v. Estate of Collentti, 265 N.J. Super. 128, 134 (App. Div. 1993). This doctrine broadens the "traditional rule" that a beneficiary designation is "a vested property right, payable if he survives the insured, which can be divested only by a change of beneficiary in the mode and manner prescribed by the [policy]." Id. at 133 (citation omitted). According to this doctrine, the beneficiary of a life insurance policy cannot be changed unless there is substantial compliance with the method provided in the contract. Strohsahl v. Equitable Life Assurance Soc'y of the United States, 71 N.J. Super. 300, 304 (Ch. Div. 1962). "[A]n insured will be released from a strict observance of the terms of the policy if the court can be convinced that the insured made every reasonable effort to effect a change of beneficiary." Haynes v. Metro. Life Ins. Co., 166 N.J. Super. 308, 313 (App. Div. 1979)(finding the decedent substantially complied with his insurer's change of beneficiary policy since he filed the appropriate forms with the insurer but did not submit the policies with the forms because they were in the possession of his estranged wife); see also Czoch v. Freeman, 317 N.J. Super. 273 (App. Div. 1999) (rejecting a vague or oral expression of an intent to change beneficiaries as insufficient evidence of substantial compliance); Vasconi v. Guardian Life Ins. Co., 124 N.J. 338 (1991)

(honoring a property settlement agreement between separated spouses); Prudential Ins. Co. v. Proashker, 201 N.J. Super. 553 (App. Div. 1985) (upholding a divorce judgment naming a beneficiary).

In the case at bar, the Decedent named Defendant A.B. as the primary beneficiary on both insurance policies. Plaintiff has alleged that Juanita White, Decedent's manager at Burger King, advised Plaintiff that Decedent wanted to change his policies to name Plaintiff as beneficiary once the Decedent found out that A.B. was not his biological son. According to Plaintiff, Ms. White informed Decedent that he could not make that change to the policy until it was up for renewal in October 2003. The Decedent passed away in July 2003 and the alleged change was not made to the policy.

The relevant provision of the Decedent's policy regarding beneficiary changes states:

> The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death. You must make your choice in writing on a form approved by us. This form must be filed with the records for This Plan. You may change the Beneficiary at any time by filing a new form with the Employer. You do not need the consent of the Beneficiary to make a change. When the Employer receives a form changing the Beneficiary, the change will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received.

Goldstein Aff., Ex. G at 1.

The parties have not provided deposition testimony or an affidavit from Ms. White regarding Plaintiff's conversation with Ms. White or her conversation with Decedent regarding the policy change. Plaintiff has not put forth any additional evidence of the Decedent's intention to change the policy beneficiary. There is no evidence beyond Plaintiff's sworn statements to support these facts. Further, when evaluating the acts of Plaintiff pursuant to New Jersey law on substantial compliance, Plaintiff has not established that Decedent substantially complied with the Decedent's policy

provision to change the beneficiary. The only evidence is an alleged conversation between Decedent and his employer, none of which was memorialized in writing or effectuated by filing an appropriate form. Since Plaintiff cannot establish that the Decedent substantially complied with the change of beneficiary policy, the beneficiary has not been amended or altered and Defendant A.B. remains the primary beneficiary as specified on both insurance policies. Because Plaintiff has not put forth a supported, genuine issue of material fact, Defendant A.B.'s motion for summary judgment is granted.

### III. CONCLUSION

For the foregoing reasons, Defendant A.B.'s motion for summary judgment is granted. An appropriate form of order accompanies this Memorandum Opinion.

Dated: September 29, 2006

                                                                       s/ Garrett E. Brown, Jr.
                                                                  GARRETT E. BROWN, JR., U.S.D.J